# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SPOOKY EMPIRE, INC., a Florida corporation

Plaintiff,

vs.

SPOOKALA, LLC, a Florida limited liability company, and
DONALD J. GUALANDRI, an individual,

Defendants.

Case No.:

## COMPLAINT

Plaintiff Spooky Empire, Inc. ("Spooky Empire'), by and through its undersigned counsel, hereby sues Defendants Spookala, LLC ("Spookala") and Donald J. Gualandri ("Gualandri") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

This is an action for federal and common law trademark infringement and unfair competition arising from Defendants' unauthorized use and infringement of Spooky Empire's long-standing and federally-registered **SPOOKY EMPIRE** trademark. Defendants have used the name and trademark SPOOKALA and related logos that are likely to create and have created marketplace confusion as to source and/or affiliation. Defendants' conduct is unlawful and must be enjoined.

13718819-3

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Spooky Empire's claims for federal trademark infringement and federal unfair competition under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that said claims arise under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.* This court has supplemental jurisdiction over Spooky Empire's claims for common law trademark infringement and unfair competition as such claims are so related to the federal trademark claims as to form the same case and controversy.

2. This Court has personal jurisdiction over Defendants in that they reside in and do business in the State of Florida and in this District. Defendants have purposefully availed themselves to the State of Florida by conducting business in the State of Florida and by providing services, namely horror convention services competitive to those of Spooky Empire, in the State of Florida.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

4. Plaintiff Spooky Empire, Inc. is a Florida corporation with its principal place of business located in Pembroke Pines, Florida.

5. Defendant Spookala, LLC is a Florida limited liability company with its principal place of business located in Ocala, Florida.

6. Upon information and belief, Defendant Donald J. Gualandri III is an

individual residing in Ocala, Florida and is the owner and principal member of Spookala.

7. Upon information and belief, Gualandri directed, controlled, ratified, participated in, or was otherwise the moving force behind the alleged infringing activity and, therefore, is personally liable for Spookala's acts of trademark infringement and unfair competition without regard to alter ego liability or piercing the corporate veil.

## HISTORY OF SPOOKY EMPIRE

8. Spooky Empire is the oldest and largest horror convention in Florida. Spooky Empire first started in Broward County in 2003, then moved to Orlando where it is currently held on a twice-yearly basis.

9. Over the years, Spooky Empire has hosted many of the most famous actors and performers in horror and genre films, including Burt Reynolds ("The Longest Yard"), Richard Dreyfuss ("Jaws"), David Duchovny and Gillian Anderson ("The X-Files"), and Malcolm McDowell ("A Clockwork Orange"). Spooky Empire's conventions regularly attract thousands of fans from all over Florida, the United States, and the rest of the world.

10. Since at least as early as 2008, Spooky Empire has exclusively and continuously used the name and trademark **SPOOKY EMPIRE** in connection with its horror convention services and related retail offerings.

11. Spooky Empire is the owner of United States Trademark Registration Number 7,252,039 for the word mark **SPOOKY EMPIRE** (the "**SPOOKY EMPIRE Registration**") in connection with:

> **Class 035:** Retail store services featuring merchandise and a clothing line related to the horror movie industry.
>
> **Class 041**: Conducting entertainment exhibitions in the nature of a convention focusing on the Halloween and horror movie genre for fans of the genre; entertainment services in the nature of live performances by musical bands; planning and arrangement of showing horror movies, namely providing movie theaters featuring horror movies; entertainment services, namely, organizing social entertainment events in the nature of a zombie walk parade where all participants are required to be dressed up in a zombie makeup and costumes; educational services, namely, providing seminars featuring motion picture demonstration, and question and answer sessions in the fields of horror movie, special effects horror artistry, and other functions necessitated in creating a horror film or screenplays; entertainment in the nature of a horror movie competition in the field of horror film filmmaking; organizing social entertainment events in the nature of autograph signing events by persons working in the horror movie industry.

(collectively, the "Spooky Empire Services"). The **SPOOKY EMPIRE** Registration sets forth a date of first use of at least as early as August 1, 2008. A true and correct copy of the United States Patent and Trademark Office Registration Certificate for the **SPOOKY EMPIRE** Registration is attached as Exhibit A.

12. The **SPOOKY EMPIRE** Registration is valid, subsisting, and in full force and effect and, therefore, pursuant to 15 U.S.C. § 1057(c), confers to Spooky Empire a nationwide right of exclusive use of the **SPOOKY EMPIRE** trademark or any mark likely to cause confusion with such mark in connection with the services specified in the registration.

13. Since at least as early as 2008, Spooky Empire has also been using a design mark in connection with the Spooky Empire Services, namely a logo prominently displaying the trademark **SPOOKY EMPIRE** "horror-style" font, with a picture of the Frankenstein Monster above the words and the Monster's hands holding the words, as shown below (the "Logo")(the **SPOOKY EMPIRE** word mark and the Logo are herein collectively referred to as the "**SPOOKY EMPIRE** Trademarks").



14. The relevant consuming public has come to recognize the **SPOOKY EMPIRE Trademarks** as identifying the Spooky Empire Services. Since at least as early as August 2008, Spooky Empire has engaged in extensive advertising and promotion of the **SPOOKY EMPIRE** Trademarks to identify the Spooky Empire Services. Spooky Empire spends at least $100,000.00 annually on advertising, marketing, and promotion of the Spooky Empire Services. Spooky Empire has an integrated marketing campaign that includes online, print, and multimedia advertising and promotion. To that end, Spooky Empire extensively markets, promotes the Spooky Empire Services through its Internet website located at

www.spookyempire.com and a variety of other online and offline channels.  A true and correct screenshot of Spooky Empire's website homepage is attached as <u>Exhibit B</u>.

15. The strong public recognition of the **SPOOKY EMPIRE** Trademarks is further evidenced by the company's extensive sales. Spooky Empire's annual revenue exceeds $1,000,000.00. All of these sales were made under the **SPOOKY EMPIRE** Trademarks.

16. Accordingly, the **SPOOKY EMPIRE** Trademarks are widely recognized by members of the relevant consuming public as the source of the Spooky Empire Services and Spooky Empire has developed substantial goodwill in connection with the **SPOOKY EMPIRE** Trademarks.

17. The **SPOOKY EMPIRE** Trademarks are distinctive through registration and acquired distinctiveness (i.e. secondary meaning) among the relevant consuming public.

## DEFENDANTS' UNAUTHORIZED ACTS

18. Starting in or about 2022, Defendants started a competing horror convention called SPOOKALA located at the Florida State Fairgrounds and Expo Center in Tampa, Florida. Defendants advertise Spookala as "Florida's Horror & Pop Culture Convention!"

19. Defendants not only chose a confusingly similar name to the **SPOOKY EMPIRE** name and trademark, but also adopted and use a similar design mark, which consists of the word SPOOKALA in a "horror-style" font, with the image of a skeleton

6

above the words and the Skeleton's hand's grasping both ends of the words (the "Infringing Logo").



20. Defendants offer identical services to the Spooky Empire Services through the same channels of trade as Spooky Empire. As evidence of such, a true and correct copy of Defendants website located at www.spookala.com is attached as Exhibit C.

21. Defendants without authorization have used the **SPOOKY EMPIRE** Trademarks, or marks confusingly similar thereto, to create a false and misleading impression that Spooky Empire is affiliated with or sponsors and endorses Defendants. Such use has caused and is likely to cause confusion, mistake, and deception of consumers as to the sponsorship of Defendants' services.

22. Defendants have full knowledge of Spooky Empire's exclusive rights in the **SPOOKY EMPIRE** Trademarks. Defendants have acted in willful and intentional disregard thereof with the specific intent to deceive and mislead consumers as to the affiliation and sponsorship of the services offered by Defendants.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. §1114(1)

Spooky Empire repeats and incorporates each and every allegation in paragraphs 1 through 22, as if fully stated herein.

23. Spooky Empire has priority in and to the **SPOOKY EMPIRE** word mark, having used the trademarks for over fourteen years prior to Defendants' unauthorized use of same.

24. Spooky Empire has senior, superior, valid, and enforceable rights in and to the federally-registered **SPOOKY EMPIRE** word mark.

25. Defendants used and/or uses the name and trademark SPOOKALA which is confusingly similar to Spooky Empire's federally-registered **SPOOKY EMPIRE** word mark in connection with services identical to the Spooky Empire Services that has caused and is likely to cause confusion or mistake or to deceive persons into the erroneous belief that Defendants' services are affiliated, authorized, sponsored by, or connected in some way with Spooky Empire.

26. Defendants have acted with full knowledge of Spooky Empire's rights and priority in and to the **SPOOKY EMPIRE** word mark and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Spooky Empire.

27. Defendants' unlawful acts are not authorized or licensed by Spooky Empire.

28. Defendants' acts constitute infringement and counterfeiting of Spooky Empire's federally registered **SPOOKY EMPIRE** word mark in violation of Section

32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114(1).

29. By reason of the acts of Defendants herein alleged, Spooky Empire has suffered and, unless Defendants are restrained from continuing its wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

Spooky Empire repeats and incorporates each and every allegation in paragraphs 1 through 22, as if fully stated herein.

30. Spooky Empire has priority in and to the **SPOOKY EMPIRE** Trademarks, having used the trademarks for over fourteen years prior to Defendants' unauthorized use of same.

31. Spooky Empire has senior, superior, valid, and enforceable rights in and to the **SPOOKY EMPIRE** Trademarks.

32. Defendants used and/or uses the name and trademark SPOOKALA and the Infringing Logo in a manner that has caused and is likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendants' services are affiliated with, sponsored by, or somehow connected with Spooky Empire.

33. Defendants have acted with full knowledge of Spooky Empire's rights in and to the **SPOOKY EMPIRE** Trademarks and with the intent to cause confusion or

mistake or to deceive the public.

34. By continuing to use the name and trademark SPOOKALA and the Infringing Logo, Defendants are trading upon the valuable goodwill which has been developed by Spooky Empire through years of advertising, promoting, and using the **SPOOKY EMPIRE** Trademarks.

35. Defendants' unlawful acts were not authorized or licensed by Spooky Empire.

36. Defendants' unlawful acts constitute unfair competition, false designation of origin and false description in violation of 15 U.S.C. § 1125(a).

37. Spooky Empire has been, and will be, irreparably damaged by Defendants' false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendants in the mistaken belief that Defendants' services are authorized, endorsed, sponsored by, or otherwise approved by Spooky Empire . Spooky Empire has suffered and, unless Defendants is restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

Spooky Empire repeats and incorporates each and every allegation in paragraphs 1 through 22, as if fully stated herein.

38. Spooky Empire has priority in and to the **SPOOKY EMPIRE** Trademarks, having used the trademarks for over fourteen years prior to Defendants'

unauthorized use of same.

39. Spooky Empire has senior, superior, valid, and enforceable rights in and to the **SPOOKY EMPIRE** Trademarks.

40. Defendants used and/or uses the name and trademark SPOOKALA and the Infringing Logo in a manner that has caused and is likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendants' services are affiliated with, sponsored by, or somehow connected with Spooky Empire.

41. Defendants have acted with full knowledge of Spooky Empire's rights in and to the **SPOOKY EMPIRE** Trademarks and with the intent to cause confusion or mistake or to deceive the public.

42. By continuing to use the name and trademark SPOOKALA and the Infringing Logo, Defendants are trading upon the valuable goodwill which has been developed by Spooky Empire through years of advertising, promoting, and using the **SPOOKY EMPIRE** Trademarks.

43. Defendants' unlawful acts were not authorized or licensed by Spooky Empire.

44. Defendants' unlawful acts constitute unfair competition, false designation of origin and false description in violation of the common law of the State of Florida.

45. Spooky Empire has been, and will be, irreparably damaged by Defendants' false designations, false descriptions, and false representations in that

consumers are likely to be induced into dealing with Defendants in the mistaken belief that Defendants' services are authorized, endorsed, sponsored by, or otherwise approved by Spooky Empire. Spooky Empire has suffered and, unless Defendants is restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Spooky Empire prays that the Court find against Defendants on all causes of action herein, and:

    A.    Order Defendants to pay to Spooky Empire:

    (1)    Defendants' profits and all damages sustained by Spooky Empire as a result of Defendants' acts of trademark infringement, pursuant to 15 U.S.C. §1117; and

    (2)    all gains, profits, and advantages derived by Defendants as a result of Defendants' acts of unfair competition.

    B.    Order that Defendants be required to pay to Spooky Empire treble damages pursuant to 15 U.S.C. § 1117(a);

    H.    Enter a finding that this is an exceptional case and order that Defendants be required to pay to Spooky Empire the costs of this action and Spooky Empire's reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) or otherwise award Spooky Empire its reasonable attorney's fees;

    C.    Permanently enjoin and restrain Defendants, their officers, directors, principals, managers, agents, servants, employees, and attorneys, and those in active

concert or participation with any of the foregoing, from:

    (1)    Advertising, promoting, offering for sale, or providing in any manner any goods or services in connection with or bearing the name or mark SPOOKALA or the Infringing Logo, or any mark confusingly similar to **SPOOKY EMPIRE**, and/or making any use of such mark or name which is confusingly similar thereto or to the **SPOOKY EMPIRE** Trademarks;

    (2)    Representing or suggesting in any fashion to any third party that Defendants' services are affiliated with, sponsored by, or otherwise connected with Spooky Empire;

    (3)    Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Spooky Empire, or are otherwise affiliated with or connected to Spooky Empire; and

    (4)    Otherwise competing unfairly with Spooky Empire.

    D.    Order Defendants to file with the Court and serve upon Spooky Empire, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which it has complied with the permanent injunction, pursuant to 15 U.S.C. § 1116(a);

    E.    Order that Defendants, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies or materials used for

reproducing or infringing the **SPOOKY EMPIRE** Trademarks; and

      I.      Order that Spooky Empire be awarded such other and further relief as the Court finds just.

Dated: April 16, 2025                Respectfully submitted,

                BERGER SINGERMAN LLP
                *Attorneys for Plaintiff*
                201 East Las Olas Boulevard, 15th Floor
                Fort Lauderdale, Florida 33301
                Main: (954) 712-5138
                Facsimile: (954) 523-2872

                By:   *Geoffrey Lottenberg*
                Geoffrey Lottenberg
                Florida Bar No. 56240
                glottenberg@bergersingerman.com
                drt@bergersingerman.com

                Larry Zerner (CA Bar No. 155473)
                (*Pro Hac Vice Admission Request To Be Filed*)
                Law Office of Larry Zerner
                1801 Century Park East, Ste. 2400
                Los Angeles, CA 90067
                Phone: 310-773-3623
                Larry@Zernerlaw.com